**STATE, Plaintiff-Appellee, v. ALBERT, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5890. Decided October 21, 1958.

Samuel L. Devine, Pros. Atty., Fred L. Newsom, Asst. Pros. Atty., Columbus, for plaintiff-appellee.

George E. Tyack, Columbus, for defendant-appellant.

## OPINION

By MILLER, J.

This is a law appeal from the judgment of the Common Pleas Court rendered upon the verdict of the jury, finding the defendant guilty upon two counts, to-wit:

(1) Burglary in the night season of Bond Clothing Store, and

(2) Possession of burglary tools.

The record reveals that, at the close of all the evidence, and before argument, counsel for the defendant requested the court to give certain written instructions to the jury. The request was denied, but they were included in the court's general charge.

The first assignment of error is directed to the court's refusal to give the special charges before argument. In the case of **State v. Hobbs, 134 Oh St 56**, a similar error was charged, and the court clearly stated the law applicable, saying at page 57:

"At the threshhold of this discussion it must be observed that in the trial of a criminal case the giving of requested instructions before argument is merely discretionary and not mandatory as in a civil trial. Thus in the instant case neither the state nor the defendant was entitled to such an instruction as a matter of right."

See also **State v. Petro, 148 Oh St 473; Wertenberger v. State, 99 Oh St 53; Ohio v. Jones, 80 Oh Ap 269; State v. Menke, 59 N. E. (2d) 393, 42 Abs 71.** We, therefore, are of the opinion that this assignment of error is not well taken.

The second assignment charges that the verdict of the jury is contrary to the evidence. The substance of this charge is that the evidence was insufficient to establish that the breaking and entering occurred in the night season.

On this issue, Henry Carroll, one of the participants in the burglary, testified that it was night time when he entered the Bond Store. In

addition to this evidence, the record reveals that the defendant and two others were discovered in the Bond Store at about 10:00 P. M., while it was stipulated that on the night in question, the sun set at 7:52 P. M. The exact time of the entry is not definitely fixed, but whether or not it was in the night season was the factual question for the determination of the jury under the instructions which were properly given by the trial court.

Counsel for the defendant also charges that the court erred in its general charge in directing the jury's attention to §2907.12 R. C., which makes it a felony to, either by day or night, maliciously and forcibly blow, or attempt to blow, an entrance into a safe. The charge on this section was a proper one in order that the jury might determine whether or not the purpose of the entry to the building was to commit a felony. We have examined the court's charge on the cited section and can find nothing therein which was prejudicial to this defendant.

We have carefully examined all of the errors assigned, none of which appear to be well taken, and will be overruled without further comment

Finding no prejudicial error in the record, the judgment will be affirmed.

PETREE, PJ, BRYANT, J, concur.